**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
------------------------------------------------------------
SUNKING MOSS                                    :
421 E. Cambria Street                           :
Philadelphia, PA 19134                          :
                                                :
              Plaintiff,                        :
                                                :      Civil Action No.: _____
       v.                                       :
                                                :      JURY TRIAL DEMANDED
CHILDREN'S HOSPITAL OF PHILADELPHIA  :
3401 Civic Center Blvd.                         :
Philadelphia, PA 19104                          :
                                                :
              Defendant.                        :
------------------------------------------------------------
```

## COMPLAINT – CIVIL ACTION

Plaintiff, Sunking Moss ("Plaintiff"), by and through his undersigned attorneys, for his Complaint against Children's Hospital of Philadelphia ("Defendant"), alleges as follows:

1.    Plaintiff brings this action to redress violations by the Defendant of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* As a result, Plaintiff has suffered damages set forth herein.

## PARTIES

2.    Plaintiff Sunking Moss is a citizen of the United States and Pennsylvania, and currently maintains a residence at 421 E. Cambria Street, Philadelphia, PA 19134.

3.    Defendant Children's Hospital of Philadelphia is a for-profit corporation registered to do business in the Commonwealth of Pennsylvania and maintains a place of business located at 3401 Civic Center Blvd., Philadelphia, PA 19104.

## JURISDICTION AND VENUE

4.    On or around October 6, 2025, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed

with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), and 43 P.S. § 959(a).  Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2026-00205. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

5.      By correspondence dated March 9, 2026, Plaintiff received a Notice of Right to Sue from the EEOC with respect to his Charge, advising that Plaintiff had ninety (90) days to file suit against Defendant.

6.      Plaintiff filed the instant action within the statutory time frame applicable to his claims.

7.      Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintain this action.

8.      This is an action authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

9.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

10.      This Court has pendant jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as his federal claim.

11.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in this district.

## FACTS

12. Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13. On or around March 23, 2022, Defendant hired Plaintiff in the position of Behavioral Health Clinician.

14. At all times material hereto, Plaintiff received positive performance reviews, praise, and was subjected to no justifiable discipline.

15. On or about February 22, 2024, Plaintiff was physically attacked by one of Defendant's patients while on the job.

16. More specifically, Plaintiff was forcibly kicked, punched, and struck in several areas of his body.

17. The individual who attacked Plaintiff was known for doing so and has a specific history of physically attacking employees, which Defendant was aware of.

18. Plaintiff sustained severe workplace injuries to his neck and shoulder.

19. On the same day, Plaintiff filled out an incident report with Defendant.

20. Plaintiff required significant medical treatment as a result of the attack.

21. Plaintiff was diagnosed with a pinched nerve in his neck, which led to significant shoulder and back pain.

22. Plaintiff was provided medical restrictions by his treating doctors.

23. The aforementioned constitute a disability within the meaning of the ADA and PHRA in that it substantially impairs one or more of Plaintiff's major life activities.

24. Defendant had notice of the aforementioned, as Plaintiff kept Defendant informed at all times material hereto.

25.    Subsequently, and as a result of the attack and events that occurred after, Plaintiff was also diagnosed with Major Depression.

26.    The aforementioned constitutes a disability within the meaning of the ADA and PHRA in that it substantially impairs one or more of Plaintiff's major life activities.

27.    Following this, Plaintiff attempted to return to work, with restrictions, making a request for light duty with Defendant.

28.    The aforementioned constitutes a request for reasonable accommodation.

29.    Plaintiff was able to perform the essential functions of his job, with or without reasonable accommodation.

30.    Defendant did not provide Plaintiff with any light duty work and would not allow Plaintiff to return to work, thereby denying Plaintiff's request for accommodation.

31.    Plaintiff was forced to use FMLA leave, Short-Term Disability, and Long-Term Disability.

32.    While on leave, Defendant would reach out to Plaintiff every couple of months to inquire about Plaintiff's health status.

33.    Plaintiff would inform Defendant that per his treating doctors, he still had medical restrictions.

34.    Plaintiff would once again request to be accommodated and return to light, in connection with his restrictions.

35.    Defendant denied Plaintiff's request each time and did not allow me to return to work.

36.    Defendant also failed to engage in any interactive process with Plaintiff to determine a potential accommodation it viewed as reasonable to allow me to return to work.

37. Eventually, in or around January 2025, Plaintiff had a meeting with Human Resources, his manager, and his supervisor.

38. During the meeting, Plaintiff again requested to return to work in a light duty capacity per his treating doctors, but was denied of any such opportunities.

39. For the first time, Plaintiff was asked if he was interested in any other position within Defendant.

40. Plaintiff affirmatively responded yes, as long as the position was comparable to his current position and skillset.

41. Notably, Defendant still refused to engage in the interactive process in an effort for Plaintiff to return to his then current position.

42. Nonetheless, approximately two (2) weeks later, Plaintiff received an email from Defendant threatening that if Plaintiff did not respond to a Recruiter in a very short period of time, Defendant would consider it that Plaintiff voluntarily resigned.

43. However, Plaintiff just received the email from the Recruiter and had already indeed responded.

44. It became clear to Plaintiff that Defendant was rushing him through an alleged "recruitment process."

45. The Recruiter asked Plaintiff to go onto Defendant's website and identify positions which "could work."

46. Plaintiff proceeded to do so in a timely manner, but received no response.

47. On or about April 15, 2025, Plaintiff was suddenly terminated from his employment.

48.    Defendant's alleged reason for Plaintiff's termination was that he did not "apply to new jobs," despite the fact that Plaintiff did indeed so with the Recruiter as stated herein.

49.    Defendant's alleged reason for terminating Plaintiff's employment is not factually accurate and is pretextual.

50.    It is believed and therefore averred that Plaintiff was terminated from employment because of his disability and in retaliation for his requests for accommodation in connection thereto, in violation of the ADA and the PHRA.

51.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotions, benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, *et seq.***
**DISCRIMINATION & RETALIATION**

52.    Paragraphs 1 through 51 are hereby incorporated by reference as though the same were fully set forth at length herein.

53.    At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

54.    Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

55.    Plaintiff's disabilities substantially impair one or more major life activities.

56.    Despite his disabilities, Plaintiff was able to perform the essential functions of his job with or without a reasonable accommodation.

6

57.     By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff's employment on the basis of his actual/perceived disability and/or in retaliation for his requests for reasonable accommodation in connection thereto.

58.     Defendant acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

59.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Punitive and/or compensatory damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.     Plaintiff's costs disbursements, and attorneys' fees incurred in prosecuting this action;

D.     Pre-judgment interest in an appropriate amount; and

E.     Such other and further relief as is just and equitable under the circumstances.

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT II**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951, *et seq.***
**DISCRIMINATION AND RETALIATION**

60.     Paragraphs 1 through 59 are hereby incorporated by reference as though the same were fully set forth at length herein.

61.     Plaintiff is a qualified individual with disabilities within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, which substantially limits Plaintiff's ability to perform one or more major life activities.

62.     Plaintiff was/is able to perform the essential functions of his job with or without a reasonable accommodation.

63.     It is believed and therefore averred that Defendant terminated Plaintiff's employment on the basis of his actual and/or perceived disability and/or in retaliation for Plaintiff's requests for accommodation in connection thereto.

64.     As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

65.     The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.      Back wages, front pay, bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.      Compensatory damages in an amount to be determined at trial;

C.      Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of caps on certain damages as set forth by applicable law.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,

**MURPHY LAW GROUP, LLC**


By: */s/ Andrew J. Schreiber*
      Andrew J. Schreiber, Esquire
      Michael Murphy, Esquire.
      Eight Penn Center, Suite 2000
      1628 John F. Kennedy Blvd.
      Philadelphia, PA 19103
      TEL: 267-273-1054
      FAX: 215-525-0210
      aschreiber@phillyemploymentlawyer.com

9

murphy@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: May 28, 2026

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.